NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3313
_____

MICHAEL J. SWARTZ,
                                        Appellant

v.

WINDSTREAM COMMUNICATIONS, INC.
_____

On Appeal from the United States District Court
for the Western District of  Pennsylvania
District Court  No. 2-09-cv-00946
United States Magistrate Judge: The Honorable Robert C. Mitchell

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 10, 2011

Before: SMITH, CHAGARES, and VANASKIE, *Circuit Judges*

(Filed:  May 25, 2011)

_____

OPINION
_____

SMITH, *Circuit Judge*.

Michael Swartz brings this action for overtime pay and unlawful age

discrimination against his former employer, Windstream Communications, Inc.

("Windstream").  The Magistrate Judge granted summary judgment in Windstream's favor.[1]  Swartz appeals.  We will affirm.

## I

Windstream is a telecommunications company whose affiliates provide telecom services in sixteen states.  Swartz was employed by Windstream (or its predecessor) as a Sales Engineer II.  In that capacity, he custom-designed telecommunications platforms for Windstream's clients.  Swartz was terminated on June 20, 2008 as the result of a corporate reorganization.  He was sixty-one years of age at the time.

Swartz filed a complaint in the Western District of Pennsylvania approximately one year later.  He claimed that his termination was the product of age discrimination—a violation of both the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*., and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951 *et seq*.  Swartz also argued that he was entitled to overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.  After a period of discovery, the parties filed cross-motions for summary judgment.  The Magistrate Judge denied Swartz's motion, but granted the motion filed by Windstream.  Swartz timely appealed.  The Magistrate Judge exercised jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.  We have jurisdiction under

---

[1] The parties consented to have the Magistrate Judge conduct all pretrial and trial proceedings pursuant to 28 U.S.C. § 636(c).

28 U.S.C. § 1291.

## II

We review the Magistrate Judge's decision to grant summary judgment *de novo* and apply the same standard the Magistrate Judge was required to apply. *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 826 (3d Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Lamont v. New Jersey*, --- F.3d ---, 2011 U.S. App. LEXIS 4104, at *8 (3d Cir. Mar. 4, 2011) (quoting Fed. R. Civ. P. 56(a)).

Swartz first claims that his termination was the product of unlawful age discrimination.[2] Our analysis of this claim is governed by the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Smith v. City of Allentown*, 589 F.3d 684, 691 (3d Cir. 2009). Under the *McDonnell Douglas* framework, Swartz must shoulder the initial burden to make out a prima facie case of discrimination. *Smith*, 589 F.3d at 689. If he is able to do so, the burden of production shifts to Windstream to articulate a legitimate, non-discriminatory reason for its employment decision. *Id.* Should Windstream meet its burden, the presumption of discriminatory action is rebutted and Swartz must show that

---

[2] Swartz raises age discrimination claims under the ADEA and PHRA. We address these claims collectively because the same legal standard applies to both. *Kautz v. Met-Pro Corp.*, 412 F.3d 463, 466 n.1 (3d Cir. 2005).

3

Windstream's stated reasons are pretextual. *Id.* The Magistrate Judge held that Swartz failed at the first *McDonnell Douglas* step. We are not so sure. Our uncertainty is of no moment, however, for even if Swartz had made out a prima facie case, it was rebutted by Windstream. The record shows that Swartz's principal focus was in "voice" systems; that the demand for "voice" systems had fallen off significantly; that Swartz declined to obtain training in an alternate practice area; and that Swartz ultimately was terminated as part of a corporate reorganization. Swartz failed to come forth with sufficient evidence to prove that these reasons were pretextual. His claim cannot withstand scrutiny under *McDonnell Douglas*, and the Magistrate Judge properly dismissed it.

Swartz's second claim arises under the FLSA, which entitles most employees who work in excess of forty hours per week to overtime pay. 29 U.S.C. § 207. The FLSA's overtime provision does not apply, however, to "any employee employed in a bona fide executive, administrative, or professional capacity." *Id.* § 213(a)(1). An individual employed in a "bona fide administrative capacity" is someone:

> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . . exclusive of board, lodging or other facilities;

> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and

4

> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200.[3] The parties agree that Swartz was paid in excess of $455 per week. This appeal centers on the second and third requirements.

Swartz argues that his primary duties were not directly related to Windstream's management or general business operations. An employee's primary duties are directly related to his employer's management or general business operations when the employee "perform[s] work directly related to assisting with the running or servicing of the business." 29 C.F.R. § 541.201(a). Windstream is a telecommunications provider; its business is to sell telecommunications systems. Swartz did not sell these systems himself. Rather, he assisted with the sales by custom-designing telecom systems to meet each prospective customer's unique needs. In this manner, Swartz's primary duty constituted work that serviced Windstream's core business—the sale of telecom systems. Requirement two of the "administrative employee exemption" was therefore satisfied.

The third "administrative exemption" requirement states that the employee's

---

[3] Under 29 U.S.C. § 213(a), the Secretary of Labor is empowered to define the FLSA's exemptions. Regulations promulgated pursuant to this congressional delegation "have controlling weight unless found to be arbitrary, capricious, or manifestly contrary to the statute." *Smith v. Johnson & Johnson*, 593 F.3d 280, 284 (3d Cir. 2010).

primary duty must include the exercise of discretion and independent judgment with respect to matters of significance. Department of Labor regulations explain that "the exercise of discretion and independent judgment involves the comparison and evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." 29 C.F.R. § 541.202(a). Windstream's customer base was varied; it included, for example, major hospitals, banks, and law firms. Each customer's needs varied with the nature of its business. It fell to employees such as Swartz to assess these unique needs and to design telecommunications systems to meet them. In so doing, Swartz had access to a sizable product portfolio line. The inclusion (or exclusion) of different products in different combinations naturally impacted the ultimate sales price. Swartz's goal was to find the right combination of products at a price the customer was willing to pay. This task required him to compare and evaluate discrete options, and to make a decision after he had considered each possibility. Swartz's duties thus included the exercise of discretion and independent judgment.

In sum, Swartz met the three criteria required to fall within the administrative exemption of the FLSA. He was not entitled to overtime pay.

### III

For the reasons set forth above, we conclude that Swartz was not the subject of age discrimination and was not entitled to overtime pay under the FLSA. The

6

order of the Magistrate Judge granting Windstream's motion for summary

judgment will be affirmed.